IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

- - - - - - - -

|  |  |  |
|---|---|---|
| MAGNA ELECTRONICS INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. _____ |
| v. | ) | |
| | ) | Honorable _____ |
| TRW AUTOMOTIVE HOLDINGS CORP.; | ) | |
| TRW AUTOMOTIVE US LLC; and | ) | |
| TRW VEHICLE SAFETY SYSTEMS INC. | ) | COMPLAINT and JURY DEMAND |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

COMPLAINT

Magna Electronics Inc. hereby complains of TRW Automotive Holdings Corp., TRW

Automotive US LLC and TRW Vehicle Safety Systems Inc. and alleges as follows:

THE PARTIES

1.      Magna Electronics Inc. is a corporation organized and existing under the laws of

the State of Delaware, registered to do business in the State of Michigan with a registered office

of 601 Abbott Road, East Lansing, MI 48823, a place of business at 2050 Auburn Road, Auburn

Hills, Michigan 48326, and is doing business in this District (hereinafter "Magna" or "Plaintiff").

2.      Defendant TRW Automotive Holdings Corp. ("TRW Holdings"), upon

information and belief, is a Delaware corporation registered to do business in the State of

Michigan, with a registered office at 601 Abbott Road, East Lansing, MI 48823, and

headquarters located in Michigan.  Upon information and belief, TRW Holdings does business

under various assumed names, including without limitation, TRW Automotive and TRW Global

Electronics.

3.      Defendant TRW Automotive US LLC ("TRW US"), upon information and belief,

is a Delaware corporation registered to do business in the State of Michigan, with a registered

office at 601 Abbott Road, East Lansing, MI 48823, and facilities located in the Western District of Michigan at 902 Lyons Road, Portland, MI 48875-1097.  Upon information and belief, TRW US does business under various assumed names, including without limitation, TRW Automotive and TRW Westminster.

4.      Defendant TRW Vehicle Safety Systems Inc. ("TRW Vehicle"), upon information and belief, is a Delaware corporation registered to do business in the State of Michigan, with a registered office at 601 Abbott Road, East Lansing, MI 48823.

5.      On information and belief Defendants TRW Holdings, TRW US, and TRW Vehicle are related companies.  On information and belief, TRW US and TRW Vehicle all report to TRW Holdings, either directly or indirectly, and are ultimately controlled by TRW Holdings. (The defendants are hereinafter collectively referred to as "TRW," "Defendants TRW" or "Defendants.")

6.      Defendants TRW Holdings, TRW US, and TRW Vehicle, upon information and belief, are doing business within the State of Michigan and within the Western District of Michigan, and are engaged in continuous and systematic business within the Western District of Michigan, conduct and solicit business within this district and derive substantial revenue from the sales of their products and/or services within this district and elsewhere in Michigan, and including the commission of acts of infringement as hereinafter stated.

JURISDICTION AND VENUE

7.      This action arises under the patent laws of the United States, Title 35 of the United States Code, §§1 et seq.  This action also arises under the Federal Declaratory Judgment Act, Title 28 of the United States Code, §§ 2201 and 2202, for a declaration pursuant to the Patent Laws of the United States, 35 U.S.C. §§1 et seq.

8.      This Court has jurisdiction in this action under 28 U.S.C. §§1331 and 1338. Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391 and 1400.

BACKGROUND ALLEGATIONS

9.      On March 26, 2013, United States Letters Patent No. 8,405,726 was duly and legally issued to Magna, as owner by assignment thereof, for an invention entitled "Vehicle Accessory System."  A true and correct copy of United States Patent No. 8,405,726 is attached hereto as Exhibit 1 (hereinafter the "'726 Patent").

10.     Magna is the owner, by valid assignment, of all right, title, and interest in and to the '726 Patent, including the right to seek remedies and relief for past infringement thereof.

11.     The filing and Notice of this action provide actual notice to Defendants TRW of the '726 Patent.  Defendants have notice of the '726 Patent.

12.     An actual and justiciable controversy exists between Magna and Defendants TRW concerning whether the actions of Defendants TRW infringe, contributorily infringe and/or induce infringement of the '726 Patent.

13.     TRW has marketed, and upon information and belief offered for sale and sold, vision-based vehicle driver assistance systems utilizing what TRW refers as a "TRW Scalable Camera" or "S-Cam" (such vision-based vehicle driver assistance systems are hereinafter referred to as "TRW S-Cam Systems").  Upon information and belief, TRW S-Cam Systems include a camera disposed in a housing, the camera comprising an imager and a lens.  Upon information and belief, TRW has designed S-Cams to be attached (and has attached, induced others to attach and has contributed towards others attaching) at the in-cabin surface of vehicle windshields to view through the windshield.

14.     Upon information and belief, TRW S-Cam Systems include a mounting element that is attached at the vehicle windshield and at which the S-Cam detachably mounts.  Upon

information and belief, the S-Cam has a recess and the camera views through the windshield via the recess.

15.     Upon information and belief, the camera of the TRW S-Cam Systems is associated with at least one of (i) a headlamp control system, (ii) a lane departure warning system, (iii) an adaptive cruise control system, (iv) a sign recognition system, (v) a night vision system, (vi) a pedestrian detection system, (vii) a vehicle detection system and (viii) a crash avoidance system.

16.     Upon information and belief, TRW has installed and utilizes TRW S-Cam Systems in one or more vehicles to develop and establish the operability of TRW S-Cam Systems and for purposes of offering for sale and sale of TRW S-Cam Systems.  Upon information and belief, at least one customer of TRW has entered into an agreement with TRW to utilize TRW S-Cam Systems adapted for vehicles of said customer, and said customer has installed one or more TRW S-Cam Systems into vehicles and tested systems for purposes of engaging in sales to end users of vehicles equipped with TRW S-Cam Systems.  Upon information and belief, TRW has continued, including continuing after notice, with the use of TRW S-Cam Systems and in the making of offers for sale of TRW S-Cam Systems to automobile manufacturers.

COUNT I

Infringement of United States Patent No. 8,405,726

17.     Plaintiff incorporates and reasserts paragraphs 1-18 herein by reference.

18.     Defendants TRW have, on information and belief, in the past been and still are infringing United States Letters Patent 8,405,726 by making, importing, using, selling, and/or offering for sale in and to the United States products incorporating vehicle accessory systems embodying the patented invention of the '726 Patent.  Upon information and belief Defendants

TRW have individually and jointly combined to engage in acts of direct infringement by themselves and through agents acting in combination.

19.     Upon information and belief, with knowledge and/or reckless disregard amounting to knowledge of the infringement by the aforesaid products of the '726 Patent, Defendants have provided vehicle accessory systems to at least one third party for use in infringement of the '726 Patent.  Use by third parties of the aforesaid vehicle accessory systems obtained from or through Defendants TRW, upon information and belief, infringes the '726 Patent.  The actions of Defendants TRW constitute inducement of infringement of United States Letters Patent No. 8,405,726.

20.     Upon information and belief, Defendants TRW manufacture, import, sell, and/or offer to sell vehicle accessory systems and/or components thereof with knowledge and/or reckless disregard amounting to knowledge that said vehicle accessory systems and/or components thereof constitute a material part of the invention of the '726 Patent and that are specially made or specially adapted for use in the infringement of the '726 Patent, and said vehicle accessory systems and/or components thereof are not a staple article or commodity of commerce suitable for substantial noninfringing use.  The actions of Defendants TRW constitute contributory infringement of United States Letters Patent No. 8,405,726.

21.     Upon information and belief, Defendants' infringement, contributory infringement, and inducement of infringement have been willful.

22.     Despite any statement to the contrary, upon information and belief, Defendants TRW will continue to infringe, contributorily infringe and induce the infringement of the '726 Patent unless enjoined by this Court.

23. Upon information and belief, Defendants' infringement, contributory infringement, and inducement of infringement have resulted in damage to Plaintiff and will continue to do so unless enjoined by this Court.

24. Plaintiff has no adequate remedy at law, and is, therefore, entitled to a permanent injunction prohibiting further infringement by Defendants.

25. Plaintiff has been damaged by past activities of Defendants, and is entitled to damages for past infringement, contributory infringement and inducement of infringement.

26. In the alternative, Plaintiff is entitled to a declaration from the Court establishing that the actions of Defendants TRW are infringing, contributorily infringing, and inducing infringement of the '726 Patent.

WHEREFORE, Plaintiff Magna demands that judgment be entered in its favor against Defendants TRW, as follows:

A. Entering an order determining and/or declaring that Defendants TRW, and each of them, infringe, contributorily infringe and induce infringement of the '726 Patent.

B. Permanently enjoining Defendants TRW, their officers, agents, servants, employees, attorneys, and all those persons in privity or in active concert or participation with them, and each of them, from further manufacture, importation, sale, offer for sale, and/or use of an apparatus which infringes, contributorily infringes, or induces infringement of the '726 Patent.

C. Permanently enjoining Defendants TRW, their officers, agents, servants, employees, attorneys, and all those persons in privity or in active concert or participation with it, and each of them, from further acts of infringement of the '726 Patent.

D. Ordering an accounting.

E. Awarding damages adequate to compensate Plaintiff for Defendants' infringement, contributory infringement, and inducement of infringement of the '726 Patent.

F.      Increasing the damages up to three times the amount found or assessed for Defendants'

willful acts of infringement.

G.      Awarding prejudgment interest and costs.

H.      Finding this to be an exceptional case and awarding reasonable attorney's fees to

Plaintiff.

I.      Such other and further relief as is necessary and appropriate.

### JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues triable by jury in this action.


Dated: March 26, 2013                    /s/ Terence J. Linn
                                         Terence J. Linn (P-33449)
                                         Karl Ondersma (P-68028)
                                         Gardner, Linn, Burkhart & Flory, LLP
                                         2851 Charlevoix Drive SE, Suite 207
                                         Grand Rapids, Michigan 49546
                                         (616) 975-5500
                                         linn@glbf.com
                                         ondersma@glbf.com

                                         *Attorneys for Plaintiff Magna Electronics Inc.*