IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
- - - - - - - -

MAGNA ELECTRONICS INC.       )
                          )
       Plaintiff,      )      
                          )   Civil Action No. 13-cv-00324
       v.            )
                          )   Honorable Paul L. Maloney
TRW AUTOMOTIVE HOLDINGS CORP.;)
TRW AUTOMOTIVE US LLC; and    )
TRW VEHICLE SAFETY SYSTEMS INC. )   THIRD AMENDED COMPLAINT
                          )   and JURY DEMAND
       Defendants.    )
_____)

THIRD AMENDED COMPLAINT

      Magna Electronics Inc. hereby complains of TRW Automotive Holdings Corp., TRW Automotive US LLC and TRW Vehicle Safety Systems Inc. and alleges as follows:

THE PARTIES

      1.     Magna Electronics Inc. is a corporation organized and existing under the laws of the State of Delaware, registered to do business in the State of Michigan with a registered office of 601 Abbott Road, East Lansing, MI 48823, a place of business at 2050 Auburn Road, Auburn Hills, Michigan 48326, and is doing business in this District (hereinafter "Magna" or "Plaintiff").

      2.     Defendant TRW Automotive Holdings Corp. ("TRW Holdings"), upon information and belief, is a Delaware corporation registered to do business in the State of Michigan, with a registered office at 601 Abbott Road, East Lansing, MI 48823, and headquarters located in Michigan.  Upon information and belief, TRW Holdings does business under various assumed names, including without limitation, TRW Automotive and TRW Global Electronics.

3.      Defendant TRW Automotive US LLC ("TRW US"), upon information and belief, is a Delaware corporation registered to do business in the State of Michigan, with a registered office at 601 Abbott Road, East Lansing, MI 48823, and facilities located in the Western District of Michigan at 902 Lyons Road, Portland, MI 48875-1097.  Upon information and belief, TRW US does business under various assumed names, including without limitation, TRW Automotive and TRW Westminster.

4.      Defendant TRW Vehicle Safety Systems Inc. ("TRW Vehicle"), upon information and belief, is a Delaware corporation registered to do business in the State of Michigan, with a registered office at 601 Abbott Road, East Lansing, MI 48823.

5.      On information and belief, Defendants TRW Holdings, TRW US, and TRW Vehicle are related companies.  On information and belief, TRW US and TRW Vehicle all report to TRW Holdings, either directly or indirectly, and are ultimately controlled by TRW Holdings. (The defendants are hereinafter collectively referred to as "TRW," "Defendants TRW" or "Defendants.")

6.      Defendants TRW Holdings, TRW US, and TRW Vehicle, upon information and belief, are doing business within the State of Michigan and within the Western District of Michigan, and are engaged in continuous and systematic business within the Western District of Michigan, conduct and solicit business within this district and derive substantial revenue from the sales of their products and/or services within this district and elsewhere in Michigan, and including the commission of acts of infringement as hereinafter stated.

JURISDICTION AND VENUE

7.      This action arises under the patent laws of the United States, Title 35 of the United States Code, §§1 et seq.  This action also arises under the Federal Declaratory Judgment

2

Act, Title 28 of the United States Code, §§ 2201 and 2202, for a declaration pursuant to the

Patent Laws of the United States, 35 U.S.C. §§1 et seq.

8.      This Court has jurisdiction in this action under 28 U.S.C. §§1331 and 1338.

Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391 and 1400.

<u>BACKGROUND ALLEGATIONS</u>

9.      On March 26, 2013, United States Letters Patent No. 8,405,726 was duly and

legally issued to Magna, as owner by assignment thereof, for an invention entitled "Vehicle

Accessory System."  A true and correct copy of United States Patent No. 8,405,726 is attached

hereto as Exhibit 1 (hereinafter the "'726 Patent").

10.      On May 19, 2009, United States Letters Patent No. 7,533,998 was duly and

legally issued to the predecessor in interest to Magna, as owner by assignment thereof, for an

invention entitled "Vehicle Accessory Module."  A true and correct copy of United States Patent

No. 7,533,998 is attached hereto as Exhibit 2 (hereinafter the "'998 Patent").

11.      On May 15, 2012, United States Letters Patent No. 8,179,437 was duly and

legally issued to the predecessor in interest to Magna, as owner by assignment thereof, for an

invention entitled "Vehicle Accessory Module."  A true and correct copy of United States Patent

No. 8,179,437 is attached hereto as Exhibit 3 (hereinafter the "'437 Patent").

12.      On July 9, 2013, United States Letters Patent No. 8,481,916 was duly and legally

issued to Magna, as owner by assignment thereof, for an invention entitled "Accessory Mounting

System For A Vehicle Having A Light Absorbing Layer With A Light Transmitting Portion For

Viewing Through From An Accessory."  A true and correct copy of United States Patent No.

8,481,916 is attached hereto as Exhibit 4 (hereinafter the "'916 Patent").

13.     On August 13, 2013, United States Letters Patent No. 8,508,593 was duly and legally issued to Magna, as owner by assignment thereof, for an invention entitled "Vehicle Accessory System."  A true and correct copy of United States Patent No. 8,508,593 is attached hereto as Exhibit 5 (hereinafter the "'593 Patent").

14.     On August 20, 2013, United States Letters Patent No. 8,513,590 was duly and legally issued to Magna, as owner by assignment thereof, for an invention entitled "Vehicular Accessory System With A Cluster Of Sensors On Or Near An In-Cabin Surface Of The Vehicle Windshield."  A true and correct copy of United States Patent No. 8,513,590 is attached hereto as Exhibit 6 (hereinafter the "'590 Patent").

15.     On September 10, 2013, United States Letters Patent No. 8,531,278 was duly and legally issued to Magna, as owner by assignment thereof, for an invention entitled "Accessory System For Vehicle."  A true and correct copy of United States Patent No. 8,531,278 is attached hereto as Exhibit 7 (hereinafter the "'278 Patent").

16.     On September 10, 2013, United States Letters Patent No. 8,531,279 was duly and legally issued to Magna, as owner by assignment thereof, for an invention entitled "Accessory Mounting System For A Vehicle."  A true and correct copy of United States Patent No. 8,531,279 is attached hereto as Exhibit 8 (hereinafter the "'279 Patent").

17.     Magna is the owner, by valid assignment, of all right, title, and interest in and to the '726 Patent, the '998 Patent, the '437 Patent, the '916 Patent, the '593 Patent, the '590 Patent, the '278 Patent and the '279 Patent, including the right to seek remedies and relief for past infringement thereof.

18.     The filing and Notice of this action provide actual notice to Defendants TRW of the '726 Patent, the '998 Patent, the '437 Patent, the '916 Patent, the '593 Patent, the '590

Patent, the '278 Patent and the '279 Patent, and Magna has provided Notice to TRW of the '726 Patent, the '998 Patent, the '437 Patent, the '916 Patent, the '593 Patent, the '590 Patent, the '278 Patent and the '279 Patent.  Defendants have notice of the '726 Patent, the '998 Patent, the '437 Patent, the '916 Patent, the '593 Patent, the '590 Patent, the '278 Patent and the '279 Patent.

19.     An actual and justiciable controversy exists between Magna and Defendants TRW concerning whether the actions of Defendants TRW infringe, contributorily infringe and/or induce infringement of the '726 Patent, the '998 Patent, the '437 Patent, the '916 Patent, the '593 Patent, the '590 Patent, the '278 Patent and the '279 Patent.

20.     TRW has marketed, and upon information and belief offered for sale and sold, vision-based vehicle driver assistance systems utilizing what TRW refers as a "TRW Scalable Camera" or "S-Cam" (such vision-based vehicle driver assistance systems are hereinafter referred to as "TRW S-Cam Systems").  Upon information and belief, TRW S-Cam Systems include a camera disposed in a housing, the camera comprising an imager and a lens.  Upon information and belief, TRW has designed TRW S-Cam Systems to be attached (and has attached, induced others to attach and has contributed towards others attaching) at the in-cabin surface of vehicle windshields to view through the windshield via a light absorbing layer with a light transmitting portion and including a resilient element at the windshield.

21.     Upon information and belief, TRW S-Cam Systems include a mounting element that is attached at the vehicle windshield and includes a camera housing that detachably mounts thereto.  Upon information and belief, camera housings of TRW S-Cam Systems have a recess and the camera views through the windshield via the recess.

5

22.     Upon information and belief, S-Cams include structure that angles the camera with respect to the windshield to at least partially compensate for the angle of the windshield itself and the lens of the camera is spaced from the interior surface of the windshield.  Upon information and belief, TRW has designed camera housings of S-Cams to be separate from an interior rearview mirror assembly that is mounted at the in-cabin surface of vehicle windshields via a mirror attachment member spaced from the mounting element at which the camera housings of S-Cams mount.

23.     Upon information and belief, the camera of TRW S-Cam Systems is associated with at least one of (i) a headlamp control system, (ii) a lane departure warning system, (iii) an adaptive cruise control system, (iv) a sign recognition system, (v) a night vision system, (vi) a pedestrian detection system, (vii) a vehicle detection system and (viii) a crash avoidance system.

24.     Upon information and belief, S-Cam Systems include a mounting element attached at a vehicle windshield of an equipped and include a camera module that includes attaching structure that cooperates with attaching structure of the mounting element in order to detachably mount the camera module at the mounting element.  A camera comprising a CMOS imaging array sensor and a lens is disposed in the camera module and views through the vehicle windshield in order to captures image data for a driver assistance system of the equipped vehicle. Electrical circuitry is disposed in the module that communicates over a vehicle communication bus with at least one system of the equipped vehicle.

25.     Upon information and belief, S-Cam vision-based vehicle driver assistance systems include a receiving structure comprising a contiguous structure that is attached at an in-cabin surface of a vehicle windshield.  A structure is attached at the receiving structure and, with the structure attached at the receiving structure, a cluster of individual sensors resides on or near

the in-cabin surface of the windshield.  The cluster of individual sensors includes a forwardly-viewing camera and a rain sensor, and the structure detachably attaches at the receiving structure.

26.     Upon information and belief, S-Cam vision-based vehicle driver assistance systems include an accessory support adapted for mounting to and demounting from a mounting element adhesively attached at an inner surface of a windshield of an equipped vehicle.  The accessory support accommodates a lens, a CMOS photosensor array, a circuit board and an electrical connector.  The accessory structure is configured so that when mounted to the mounting element attached at the windshield, the lens has a field of view through the windshield appropriate for a driver assistance system of the equipped vehicle.  A mirror mounting button (with an interior rearview mirror mounted thereto) is attached at the windshield at a first location and the mounting element is attached at a second location.  When mounted to the mounting element, the accessory support is positioned behind an area of the windshield wiped by a windshield wiper.

27.     Upon information and belief, S-Cam vision-based vehicle driver assistance systems include a bracket attached at a windshield of an equipped vehicle.   Control circuitry is housed in housing.  The control circuitry is associated with an electronic device housed in the housing.  The electronic device comprises a camera that comprises a CMOS imaging array. The control circuitry is in communication with a vehicle bus system of the equipped vehicle.  The housing is configured to detachably attach to the bracket when the bracket is attached at the vehicle windshield.  An interior rearview mirror assembly is attached at the vehicle windshield at a position spaced from where the bracket is attached at the vehicle windshield.  The housing containing the camera is snapped into the bracket leaving a gap between itself and the windshield.

7

28.     Upon information and belief, TRW has installed and utilizes TRW S-Cam Systems in one or more vehicles to develop and establish the operability of TRW S-Cam Systems and for purposes of offering for sale and sale of TRW S-Cam Systems. Upon information and belief, at least one customer of TRW (including, but not limited to, General Motors Corporation) has entered into an agreement with TRW to utilize TRW S-Cam Systems adapted for vehicles of said customer, and said customer has installed one or more TRW S-Cam Systems into vehicles and tested systems for purposes of engaging in sales to end users of vehicles equipped with TRW S-Cam Systems. Upon information and belief, TRW has continued, including continuing after notice, with the use of TRW S-Cam Systems and in the making of offers for sale of TRW S-Cam Systems to automobile manufacturers.

29.     Upon information and belief, TRW has directly infringed the '726 Patent, the '998 Patent, the '437 Patent, the '916 Patent, the '593 Patent, the '590 Patent, the '278 Patent and the '279 Patent. Upon information and belief, TRW has contributed towards and/or induced direct infringement by automobile manufacturers (including but not limited to General Motors Corporation) of the '726 Patent, the '998 Patent, the '437 Patent, the '916 Patent, the '593 Patent, the '590 Patent, the '278 Patent and the '279 Patent.

<u>COUNT I</u>

<u>Infringement of United States Patent No. 8,405,726</u>

30.     Plaintiff incorporates and reasserts paragraphs 1-28 herein by reference.

31.     Defendants TRW have, on information and belief, in the past been and still are infringing United States Letters Patent 8,405,726 by making, importing, using, selling, and/or offering for sale in and to the United States products incorporating vehicle accessory systems embodying the patented invention of the '726 Patent. Upon information and belief Defendants

8

TRW have individually and jointly combined to engage in acts of direct infringement by themselves and through agents acting in combination, such agents including for example and without limitation, General Motors Corp. for its K2xx vehicles, including for example and without limitation the 2014 Silverado and 2014 Sierra vehicles.

32.     Upon information and belief, with knowledge and/or reckless disregard amounting to knowledge of the infringement by the aforesaid products of the '726 Patent, Defendants have provided vehicle accessory systems to at least one third party for use in infringement of the '726 Patent, such third parties including for example and without limitation General Motors Corp. on its K2xx vehicles, including for example and without limitation the 2014 Silverado and 2014 Sierra vehicles.  Use by third parties of the aforesaid vehicle accessory systems obtained from or through Defendants TRW, upon information and belief, infringes the '726 Patent.  The actions of Defendants TRW constitute inducement of infringement of United States Letters Patent No. 8,405,726, such induced infringement including for example and without limitation that of General Motors Corp. on its K2xx vehicles, including for example and without limitation on the 2014 Silverado and 2014 Sierra vehicles.

33.     Upon information and belief, Defendants TRW manufacture, import, sell, and/or offer to sell vehicle accessory systems and/or components thereof with knowledge and/or reckless disregard amounting to knowledge that said vehicle accessory systems and/or components thereof constitute a material part of the invention of the '726 Patent and that are specially made or specially adapted for use in the infringement of the '726 Patent, and said vehicle accessory systems and/or components thereof are not a staple article or commodity of commerce suitable for substantial noninfringing use.  The actions of Defendants TRW constitute contributory infringement of United States Letters Patent No. 8,405,726, including for example

and without limitation contributory infringement by vehicle accessory systems and/or components thereof provided to and used by General Motors Corp. for its K2xx vehicles, including for example and without limitation on the 2014 Silverado and 2014 Sierra vehicles.

34.     Upon information and belief, Defendants' infringement, contributory infringement, and inducement of infringement have been willful.

35.     Despite any statement to the contrary, upon information and belief, Defendants TRW will continue to infringe, contributorily infringe and induce the infringement of the '726 Patent unless enjoined by this Court.

36.     Upon information and belief, Defendants' infringement, contributory infringement, and inducement of infringement have resulted in damage to Plaintiff and will continue to do so unless enjoined by this Court.

37.     Plaintiff has no adequate remedy at law, and is, therefore, entitled to a permanent injunction prohibiting further infringement by Defendants.

38.     Plaintiff has been damaged by past activities of Defendants, and is entitled to damages for past infringement, contributory infringement and inducement of infringement.

39.     In the alternative, Plaintiff is entitled to a declaration from the Court establishing that the actions of Defendants TRW are infringing, contributorily infringing, and inducing infringement of the '726 Patent.

<u>COUNT II</u>

<u>Infringement of United States Patent No. 7,533,998</u>

40.     Plaintiff incorporates and reasserts paragraphs 1-39 herein by reference.

41.     Defendants TRW have, on information and belief, in the past been and still are infringing United States Letters Patent 7,533,998 by making, importing, using, selling, and/or

offering for sale in and to the United States products incorporating vehicle accessory modules embodying the patented invention of the '998 Patent.  Upon information and belief Defendants TRW have individually and jointly combined to engage in acts of direct infringement by themselves and through agents acting in combination, such agents including for example and without limitation, General Motors Corp. for its K2xx vehicles, including for example and without limitation the 2014 Silverado and 2014 Sierra vehicles.

42.     Upon information and belief, with knowledge and/or reckless disregard amounting to knowledge of the infringement by the aforesaid products of the '998 Patent, Defendants have provided vehicle accessory systems to at least one third party for use in infringement of the '998 Patent, such third parties including for example and without limitation General Motors Corp. on its K2xx vehicles, including for example and without limitation the 2014 Silverado and 2014 Sierra vehicles.  Use by third parties of the aforesaid vehicle accessory systems obtained from or through Defendants TRW, upon information and belief, infringes the '998 Patent.  The actions of Defendants TRW constitute inducement of infringement of United States Letters Patent No. 7,533,998, such induced infringement including for example and without limitation that of General Motors Corp. on its K2xx vehicles, including for example and without limitation on the 2014 Silverado and 2014 Sierra vehicles.

43.     Upon information and belief, Defendants TRW manufacture, import, sell, and/or offer to sell vehicle accessory systems and/or components thereof with knowledge and/or reckless disregard amounting to knowledge that said vehicle accessory systems and/or components thereof constitute a material part of the invention of the '998 Patent and that are specially made or specially adapted for use in the infringement of the '998 Patent, and said vehicle accessory systems and/or components thereof are not a staple article or commodity of

commerce suitable for substantial noninfringing use.  The actions of Defendants TRW constitute contributory infringement of United States Letters Patent No. 7,533,998, including for example and without limitation contributory infringement by vehicle accessory systems and/or components thereof provided to and used by General Motors Corp. for its K2xx vehicles, including for example and without limitation on the 2014 Silverado and 2014 Sierra vehicles.

44.     Upon information and belief, Defendants' infringement, contributory infringement, and inducement of infringement have been willful.

45.     Despite any statement to the contrary, upon information and belief, Defendants TRW will continue to infringe, contributorily infringe and induce the infringement of the '998 Patent unless enjoined by this Court.

46.     Upon information and belief, Defendants' infringement, contributory infringement, and inducement of infringement have resulted in damage to Plaintiff and will continue to do so unless enjoined by this Court.

47.     Plaintiff has no adequate remedy at law, and is, therefore, entitled to a permanent injunction prohibiting further infringement by Defendants.

48.     Plaintiff has been damaged by past activities of Defendants, and is entitled to damages for past infringement, contributory infringement and inducement of infringement.

49.     In the alternative, Plaintiff is entitled to a declaration from the Court establishing that the actions of Defendants TRW are infringing, contributorily infringing, and inducing infringement of the '998 Patent.

## COUNT III

### Infringement of United States Patent No. 8,179,437

50.     Plaintiff incorporates and reasserts paragraphs 1-49 herein by reference.

51.     Defendants TRW have, on information and belief, in the past been and still are infringing United States Letters Patent 8,179,437 by making, importing, using, selling, and/or offering for sale in and to the United States products incorporating vehicle accessory modules embodying the patented invention of the '437 Patent.  Upon information and belief Defendants TRW have individually and jointly combined to engage in acts of direct infringement by themselves and through agents acting in combination, such agents including for example and without limitation, General Motors Corp. for its K2xx vehicles, including for example and without limitation the 2014 Silverado and 2014 Sierra vehicles.

52.     Upon information and belief, with knowledge and/or reckless disregard amounting to knowledge of the infringement by the aforesaid products of the '998 Patent, Defendants have provided vehicle accessory systems to at least one third party for use in infringement of the '437 Patent, such third parties including for example and without limitation General Motors Corp. on its K2xx vehicles, including for example and without limitation the 2014 Silverado and 2014 Sierra vehicles.  Use by third parties of the aforesaid vehicle accessory systems obtained from or through Defendants TRW, upon information and belief, infringes the '437 Patent.  The actions of Defendants TRW constitute inducement of infringement of United States Letters Patent No. 8,179,437, such induced infringement including for example and without limitation that of General Motors Corp. on its K2xx vehicles, including for example and without limitation on the 2014 Silverado and 2014 Sierra vehicles.

53.     Upon information and belief, Defendants TRW manufacture, import, sell, and/or offer to sell vehicle accessory systems and/or components thereof with knowledge and/or reckless disregard amounting to knowledge that said vehicle accessory systems and/or components thereof constitute a material part of the invention of the '437 Patent and that are specially made or specially adapted for use in the infringement of the '437 Patent, and said vehicle accessory systems and/or components thereof are not a staple article or commodity of commerce suitable for substantial noninfringing use.  The actions of Defendants TRW constitute contributory infringement of United States Letters Patent No. 8,179,437, including for example and without limitation contributory infringement by vehicle accessory systems and/or components thereof provided to and used by General Motors Corp. for its K2xx vehicles, including for example and without limitation on the 2014 Silverado and 2014 Sierra vehicles.

54.     Upon information and belief, Defendants' infringement, contributory infringement, and inducement of infringement have been willful.

55.     Despite any statement to the contrary, upon information and belief, Defendants TRW will continue to infringe, contributorily infringe and induce the infringement of the '437 Patent unless enjoined by this Court.

56.     Upon information and belief, Defendants' infringement, contributory infringement, and inducement of infringement have resulted in damage to Plaintiff and will continue to do so unless enjoined by this Court.

57.     Plaintiff has no adequate remedy at law, and is, therefore, entitled to a permanent injunction prohibiting further infringement by Defendants.

58.     Plaintiff has been damaged by past activities of Defendants, and is entitled to damages for past infringement, contributory infringement and inducement of infringement.

59.     In the alternative, Plaintiff is entitled to a declaration from the Court establishing that the actions of Defendants TRW are infringing, contributorily infringing, and inducing infringement of the '437 Patent.

## COUNT IV

### Infringement of United States Patent No. 8,481,916

60.     Plaintiff incorporates and reasserts paragraphs 1-59 herein by reference.

61.     Defendants TRW have, on information and belief, in the past been and still are infringing United States Letters Patent 8,481,916 by making, importing, using, selling, and/or offering for sale in and to the United States products incorporating vehicle accessory modules embodying the patented invention of the '916 Patent.  Upon information and belief Defendants TRW have individually and jointly combined to engage in acts of direct infringement by themselves and through agents acting in combination, such agents including for example and without limitation, General Motors Corp. for its K2xx vehicles, including for example and without limitation the 2014 Silverado and 2014 Sierra vehicles.

62.     Upon information and belief, with knowledge and/or reckless disregard amounting to knowledge of the infringement by the aforesaid products of the '916 Patent, Defendants have provided vehicle accessory systems to at least one third party for use in infringement of the '916 Patent, such third parties including for example and without limitation General Motors Corp. on its K2xx vehicles, including for example and without limitation the 2014 Silverado and 2014 Sierra vehicles.  Use by third parties of the aforesaid vehicle accessory systems obtained from or through Defendants TRW, upon information and belief, infringes the '916 Patent.  The actions of Defendants TRW constitute inducement of infringement of United States Letters Patent No. 8,481,916, such induced infringement including for example and

without limitation that of General Motors Corp. on its K2xx vehicles, including for example and without limitation on the 2014 Silverado and 2014 Sierra vehicles.

63.    Upon information and belief, Defendants TRW manufacture, import, sell, and/or offer to sell vehicle accessory systems and/or components thereof with knowledge and/or reckless disregard amounting to knowledge that said vehicle accessory systems and/or components thereof constitute a material part of the invention of the '916 Patent and that are specially made or specially adapted for use in the infringement of the '916 Patent, and said vehicle accessory systems and/or components thereof are not a staple article or commodity of commerce suitable for substantial noninfringing use.  The actions of Defendants TRW constitute contributory infringement of United States Letters Patent No. 8,481,916, including for example and without limitation contributory infringement by vehicle accessory systems and/or components thereof provided to and used by General Motors Corp. for its K2xx vehicles, including for example and without limitation on the 2014 Silverado and 2014 Sierra vehicles.

64.    Upon information and belief, Defendants' infringement, contributory infringement, and inducement of infringement have been willful.

65.    Despite any statement to the contrary, upon information and belief, Defendants TRW will continue to infringe, contributorily infringe and induce the infringement of the '916 Patent unless enjoined by this Court.

66.    Upon information and belief, Defendants' infringement, contributory infringement, and inducement of infringement have resulted in damage to Plaintiff and will continue to do so unless enjoined by this Court.

67.    Plaintiff has no adequate remedy at law, and is, therefore, entitled to a permanent injunction prohibiting further infringement by Defendants.

68.     Plaintiff has been damaged by past activities of Defendants, and is entitled to damages for past infringement, contributory infringement and inducement of infringement.

69.     In the alternative, Plaintiff is entitled to a declaration from the Court establishing that the actions of Defendants TRW are infringing, contributorily infringing, and inducing infringement of the '916 Patent.

COUNT V

Infringement of United States Patent No. 8,508,593

70.     Plaintiff incorporates and reasserts paragraphs 1-69 herein by reference.

71.     Defendants TRW have, on information and belief, in the past been and still are infringing United States Letters Patent 8,508,593 by making, importing, using, selling, and/or offering for sale in and to the United States products incorporating vehicle accessory modules embodying the patented invention of the '593 Patent.  Upon information and belief Defendants TRW have individually and jointly combined to engage in acts of direct infringement by themselves and through agents acting in combination, such agents including for example and without limitation, General Motors Corp. for its K2xx vehicles, including for example and without limitation the 2014 Silverado and 2014 Sierra vehicles.

72.     Upon information and belief, with knowledge and/or reckless disregard amounting to knowledge of the infringement by the aforesaid products of the '593 Patent, Defendants have provided vehicle accessory systems to at least one third party for use in infringement of the '593 Patent, such third parties including for example and without limitation General Motors Corp. on its K2xx vehicles, including for example and without limitation the 2014 Silverado and 2014 Sierra vehicles.  Use by third parties of the aforesaid vehicle accessory systems obtained from or through Defendants TRW, upon information and belief, infringes the

17

'593 Patent.  The actions of Defendants TRW constitute inducement of infringement of United States Letters Patent No. 8,508,593, such induced infringement including for example and without limitation that of General Motors Corp. on its K2xx vehicles, including for example and without limitation on the 2014 Silverado and 2014 Sierra vehicles.

73.     Upon information and belief, Defendants TRW manufacture, import, sell, and/or offer to sell vehicle accessory systems and/or components thereof with knowledge and/or reckless disregard amounting to knowledge that said vehicle accessory systems and/or components thereof constitute a material part of the invention of the '593 Patent and that are specially made or specially adapted for use in the infringement of the '593 Patent, and said vehicle accessory systems and/or components thereof are not a staple article or commodity of commerce suitable for substantial noninfringing use.  The actions of Defendants TRW constitute contributory infringement of United States Letters Patent No. 8,508,593, including for example and without limitation contributory infringement by vehicle accessory systems and/or components thereof provided to and used by General Motors Corp. for its K2xx vehicles, including for example and without limitation on the 2014 Silverado and 2014 Sierra vehicles.

74.     Upon information and belief, Defendants' infringement, contributory infringement, and inducement of infringement have been willful.

75.     Despite any statement to the contrary, upon information and belief, Defendants TRW will continue to infringe, contributorily infringe and induce the infringement of the '593 Patent unless enjoined by this Court.

76.     Upon information and belief, Defendants' infringement, contributory infringement, and inducement of infringement have resulted in damage to Plaintiff and will continue to do so unless enjoined by this Court.

77.     Plaintiff has no adequate remedy at law, and is, therefore, entitled to a permanent injunction prohibiting further infringement by Defendants.

78.     Plaintiff has been damaged by past activities of Defendants, and is entitled to damages for past infringement, contributory infringement and inducement of infringement.

79.     In the alternative, Plaintiff is entitled to a declaration from the Court establishing that the actions of Defendants TRW are infringing, contributorily infringing, and inducing infringement of the '593 Patent.

COUNT VI

Infringement of United States Patent No. 8,513,590

80.     Plaintiff incorporates and reasserts paragraphs 1-79 herein by reference.

81.     Defendants TRW have, on information and belief, in the past been and still are infringing United States Letters Patent 8,513,590 by making, importing, using, selling, and/or offering for sale in and to the United States products incorporating vehicle accessory systems embodying the patented invention of the '590 Patent.  Upon information and belief Defendants TRW have individually and jointly combined to engage in acts of direct infringement by themselves and through agents acting in combination, such agents including for example and without limitation, General Motors Corp. for its K2xx vehicles, including for example and without limitation the 2014 Silverado and 2014 Sierra vehicles.

82.     Upon information and belief, with knowledge and/or reckless disregard amounting to knowledge of the infringement by the aforesaid products of the '590 Patent, Defendants have provided vehicle accessory systems to at least one third party for use in infringement of the '590 Patent, such third parties including for example and without limitation General Motors Corp. on its K2xx vehicles, including for example and without limitation the

2014 Silverado and 2014 Sierra vehicles.  Use by third parties of the aforesaid vehicle accessory systems obtained from or through Defendants TRW, upon information and belief, infringes the '590 Patent.  The actions of Defendants TRW constitute inducement of infringement of United States Letters Patent No. 8,513,590, such induced infringement including for example and without limitation that of General Motors Corp. on its K2xx vehicles, including for example and without limitation on the 2014 Silverado and 2014 Sierra vehicles.

83.     Upon information and belief, Defendants TRW manufacture, import, sell, and/or offer to sell vehicle accessory systems and/or components thereof with knowledge and/or reckless disregard amounting to knowledge that said vehicle accessory systems and/or components thereof constitute a material part of the invention of the '590 Patent and that are specially made or specially adapted for use in the infringement of the '590 Patent, and said vehicle accessory systems and/or components thereof are not a staple article or commodity of commerce suitable for substantial noninfringing use.  The actions of Defendants TRW constitute contributory infringement of United States Letters Patent No. 8,513,590, including for example and without limitation contributory infringement by vehicle accessory systems and/or components thereof provided to and used by General Motors Corp. for its K2xx vehicles, including for example and without limitation on the 2014 Silverado and 2014 Sierra vehicles.

84.     Upon information and belief, Defendants' infringement, contributory infringement, and inducement of infringement have been willful.

85.     Despite any statement to the contrary, upon information and belief, Defendants TRW will continue to infringe, contributorily infringe and induce the infringement of the '590 Patent unless enjoined by this Court.

86.     Upon information and belief, Defendants' infringement, contributory infringement, and inducement of infringement have resulted in damage to Plaintiff and will continue to do so unless enjoined by this Court.

87.     Plaintiff has no adequate remedy at law, and is, therefore, entitled to a permanent injunction prohibiting further infringement by Defendants.

88.     Plaintiff has been damaged by past activities of Defendants, and is entitled to damages for past infringement, contributory infringement and inducement of infringement.

89.     In the alternative, Plaintiff is entitled to a declaration from the Court establishing that the actions of Defendants TRW are infringing, contributorily infringing, and inducing infringement of the '590 Patent.

<u>COUNT VII</u>

<u>Infringement of United States Patent No. 8,531,278</u>

90.     Plaintiff incorporates and reasserts paragraphs 1-89 herein by reference.

91.     Defendants TRW have, on information and belief, in the past been and still are infringing United States Letters Patent 8,531,278 by making, importing, using, selling, and/or offering for sale in and to the United States products incorporating accessory systems for vehicles embodying the patented invention of the '278 Patent.  Upon information and belief Defendants TRW have individually and jointly combined to engage in acts of direct infringement by themselves and through agents acting in combination, such agents including for example and without limitation, General Motors Corp. for its K2xx vehicles, including for example and without limitation the 2014 Silverado and 2014 Sierra vehicles.

92.     Upon information and belief, with knowledge and/or reckless disregard amounting to knowledge of the infringement by the aforesaid products of the '278 Patent,

Defendants have provided accessory systems for vehicles to at least one third party for use in infringement of the '278 Patent, such third parties including for example and without limitation General Motors Corp. on its K2xx vehicles, including for example and without limitation the 2014 Silverado and 2014 Sierra vehicles.  Use by third parties of the aforesaid accessory systems for vehicles obtained from or through Defendants TRW, upon information and belief, infringes the '278 Patent.  The actions of Defendants TRW constitute inducement of infringement of United States Letters Patent No. 8,531,278, such induced infringement including for example and without limitation that of General Motors Corp. on its K2xx vehicles, including for example and without limitation on the 2014 Silverado and 2014 Sierra vehicles.

93.     Upon information and belief, Defendants TRW manufacture, import, sell, and/or offer to sell accessory systems for vehicles and/or components thereof with knowledge and/or reckless disregard amounting to knowledge that said accessory systems for vehicles and/or components thereof constitute a material part of the invention of the '278 Patent and that are specially made or specially adapted for use in the infringement of the '278 Patent, and said accessory systems for vehicles and/or components thereof are not a staple article or commodity of commerce suitable for substantial noninfringing use.  The actions of Defendants TRW constitute contributory infringement of United States Letters Patent No. 8,531,278, including for example and without limitation contributory infringement by vehicle accessory systems and/or components thereof provided to and used by General Motors Corp. for its K2xx vehicles, including for example and without limitation on the 2014 Silverado and 2014 Sierra vehicles.

94.     Upon information and belief, Defendants' infringement, contributory infringement, and inducement of infringement have been willful.

95.     Despite any statement to the contrary, upon information and belief, Defendants TRW will continue to infringe, contributorily infringe and induce the infringement of the '278 Patent unless enjoined by this Court.

96.     Upon information and belief, Defendants' infringement, contributory infringement, and inducement of infringement have resulted in damage to Plaintiff and will continue to do so unless enjoined by this Court.

97.     Plaintiff has no adequate remedy at law, and is, therefore, entitled to a permanent injunction prohibiting further infringement by Defendants.

98.     Plaintiff has been damaged by past activities of Defendants, and is entitled to damages for past infringement, contributory infringement and inducement of infringement.

99.     In the alternative, Plaintiff is entitled to a declaration from the Court establishing that the actions of Defendants TRW are infringing, contributorily infringing, and inducing infringement of the '278 Patent.

<u>COUNT VIII</u>

<u>Infringement of United States Patent No. 8,531,279</u>

100.     Plaintiff incorporates and reasserts paragraphs 1-99 herein by reference.

101.     Defendants TRW have, on information and belief, in the past been and still are infringing United States Letters Patent 8,531,279 by making, importing, using, selling, and/or offering for sale in and to the United States products incorporating accessory mounting systems for a vehicle embodying the patented invention of the '279 Patent.  Upon information and belief Defendants TRW have individually and jointly combined to engage in acts of direct infringement by themselves and through agents acting in combination, such agents including for example and

without limitation, General Motors Corp. for its K2xx vehicles, including for example and without limitation the 2014 Silverado and 2014 Sierra vehicles.

102.    Upon information and belief, with knowledge and/or reckless disregard amounting to knowledge of the infringement by the aforesaid products of the '279 Patent, Defendants have provided accessory mounting systems for a vehicle to at least one third party for use in infringement of the '279 Patent, such third parties including for example and without limitation General Motors Corp. on its K2xx vehicles, including for example and without limitation the 2014 Silverado and 2014 Sierra vehicles.  Use by third parties of the aforesaid accessory mounting systems for a vehicle obtained from or through Defendants TRW, upon information and belief, infringes the '279 Patent.  The actions of Defendants TRW constitute inducement of infringement of United States Letters Patent No. 8,531,279, such induced infringement including for example and without limitation that of General Motors Corp. on its K2xx vehicles, including for example and without limitation on the 2014 Silverado and 2014 Sierra vehicles.

103.    Upon information and belief, Defendants TRW manufacture, import, sell, and/or offer to sell accessory mounting systems for a vehicle and/or components thereof with knowledge and/or reckless disregard amounting to knowledge that said accessory mounting systems for a vehicle and/or components thereof constitute a material part of the invention of the '279 Patent and that are specially made or specially adapted for use in the infringement of the '279 Patent, and said accessory mounting systems for a vehicle and/or components thereof are not a staple article or commodity of commerce suitable for substantial noninfringing use.  The actions of Defendants TRW constitute contributory infringement of United States Letters Patent No. 8,531,279, including for example and without limitation contributory infringement by

24

vehicle accessory systems and/or components thereof provided to and used by General Motors Corp. for its K2xx vehicles, including for example and without limitation on the 2014 Silverado and 2014 Sierra vehicles.

104.    Upon information and belief, Defendants' infringement, contributory infringement, and inducement of infringement have been willful.

105.    Despite any statement to the contrary, upon information and belief, Defendants TRW will continue to infringe, contributorily infringe and induce the infringement of the '279 Patent unless enjoined by this Court.

106.    Upon information and belief, Defendants' infringement, contributory infringement, and inducement of infringement have resulted in damage to Plaintiff and will continue to do so unless enjoined by this Court.

107.    Plaintiff has no adequate remedy at law, and is, therefore, entitled to a permanent injunction prohibiting further infringement by Defendants.

108.    Plaintiff has been damaged by past activities of Defendants, and is entitled to damages for past infringement, contributory infringement and inducement of infringement.

109.    In the alternative, Plaintiff is entitled to a declaration from the Court establishing that the actions of Defendants TRW are infringing, contributorily infringing, and inducing infringement of the '279 Patent.

WHEREFORE, Plaintiff Magna demands that judgment be entered in its favor against Defendants TRW, as follows:

A.    Entering an order determining and/or declaring that Defendants TRW, and each of them, infringe, contributorily infringe and induce infringement of the '726 Patent, the '998 Patent, the

'437 Patent, the '916 Patent, the '593 Patent, the '590 Patent, the '278 Patent and the '279 Patent.

B.      Permanently enjoining Defendants TRW, their officers, agents, servants, employees, attorneys, and all those persons in privity or in active concert or participation with them, and each of them, from further manufacture, importation, sale, offer for sale, and/or use of an apparatus which infringes, contributorily infringes, or induces infringement of the '726 Patent, the '998 Patent, the '437 Patent, the '916 Patent, the '593 Patent, the '590 Patent, the '278 Patent and/or the '279 Patent.

C.      Permanently enjoining Defendants TRW, their officers, agents, servants, employees, attorneys, and all those persons in privity or in active concert or participation with it, and each of them, from further acts of infringement of the '726 Patent, the '998 Patent, the '437 Patent, the '916 Patent, the '593 Patent, the '590 Patent, the '278 Patent and/or the '279 Patent.

D.      Ordering an accounting.

E.      Awarding damages adequate to compensate Plaintiff for Defendants' infringement, contributory infringement, and inducement of infringement of the '726 Patent, the '998 Patent, the '437 Patent, the '916 Patent, the '593 Patent, the '590 Patent, the '278 Patent and/or the '279 Patent.

F.      Increasing the damages up to three times the amount found or assessed for Defendants' willful acts of infringement.

G.      Awarding prejudgment interest and costs.

H.      Finding this to be an exceptional case and awarding reasonable attorney's fees to Plaintiff.

I.      Such other and further relief as is necessary and appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues triable by jury in this action.


Dated:  September 10, 2013        /s/ Terence J. Linn
                                       Terence J. Linn (P-33449)
                                       Gardner, Linn, Burkhart & Flory, LLP
                                       2851 Charlevoix Drive SE, Suite 207
                                       Grand Rapids, Michigan 49546
                                       (616) 975-5500
                                       linn@glbf.com
                                       *Attorneys for Plaintiff Magna Electronics Inc.*